UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-cv-00105-FDW

| | |
|---|---|
| LILLIE COMPTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 9). Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for supplemental security income ("SSI") under 42 U.S.C. § 405(g). This matter is now ripe for review. For the reasons that follow, the Court DENIES Plaintiff's Motion for Summary Judgment (Doc. No. 9), GRANTS Defendant's Motion for Summary Judgment (Doc. No. 10), and AFFIRMS the Commissioner's decision.

**I. BACKGROUND**

On August 12, 2013, Plaintiff, Lillie Compton, filed a Title II application for disability insurance benefits and a Title XVI application for supplemental security income, alleging a disability onset date of March 25, 2013. (Doc. No. 8-1, p. 60). These claims were denied initially and upon reconsideration. Id. On April 29, 2014, Plaintiff filed a written request for hearing. Id. Through a video hearing, Plaintiff appeared before Administrative Law Judge ("ALJ") J. Petri on October 8, 2015. Id. After reviewing Plaintiff's case and hearing testimony from G. Roy Sumpter,

1

an impartial vocational expert, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act ("SSA"). Id. at 69.

Plaintiff filed a request for review by the Appeals Council but was denied on February 13, 2017. Id. at 5. Having exhausted her administrative remedies, Plaintiff timely filed this present action (Doc. No. 1) on April 14, 2017. Both parties have moved for summary judgment, and their motions are now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g), limits this Court's review of the Commissioner's final decision to (1) whether substantial evidence supports the Commissioner's decision and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). This Court does not review a final decision of the Commissioner *de novo*. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). Thus, this Court "'must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard.'" Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (quoting Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001)).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit has defined "substantial evidence" as:

> Substantial evidence has been defined as "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means

2

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .")

The Fourth Circuit has long emphasized that a reviewing court does not weigh the evidence again, nor substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the Commissioner's final decision, the decision should be affirmed. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982). The ALJ, and not the Court, has the ultimate responsibility for weighing the evidence and resolving any conflicts. Hays, 907 F.2d at 1456.

### III. ANALYSIS

Under the Social Security Act, there is a five-step sequential process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a)(1). Step one is to determine whether the claimant is engaged in substantial gainful activity; if claimant is engaged in substantial gainful activity, they will be found not disabled. Id. § 404.1520(a)(4)(i). Step two is to determine whether the claimant has a severe medically determinable physical or mental impairment or a combination of impairments that is severe and meets the duration requirement. Id. § 404.1520(a)(4)(ii). At step three, if the claimant's impairment or combination of impairments meets or medically equals

one of the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1, then the claimant will be found disabled. Id. § 404.1520(a)(4)(iii). Step four is to determine whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work. Id. § 404.1520(a)(4)(iv). Lastly, step five is to consider whether the claimant is able to make an adjustment to other work, considering claimant's RFC, age, education, and work experience. Id. § 404.1520(a)(4)(v). While the claimant bears the burden of production and proof during the first four steps, the burden shifts to the Commissioner at step five to show that other work is available in the national economy which the claimant could perform. Pass v. Charter, 65 F.3d 1200, 1203 (4th Cir. 1995).

In this case, at step one the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 25, 2013. (Doc. No. 8-1, p. 62). At step two, the ALJ found that Plaintiff had the following severe impairments: Crohn's disease, regional enteritis, gastroesophageal reflux disease (GERD), status post cholectomy, chronic lower back pain, chronic fatigue syndrome, chronic obstructive pulmonary disease (COPD), and asthma. Id. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listing. Id. at 63. Before turning to the fourth step, the ALJ found that Plaintiff retained the RFC to perform "light work" as defined in 20 C.F.R § 404.1567(b) and 416.967(b):

> [E]xcept she can never climb ladders, ropes, or scaffolds. She can occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl. The claimant must avoid concentrated exposure to irritants such as fumes, odors, dusts, and gases.

Id. At step four, the ALJ concluded that Plaintiff was capable of performing past relevant work as a Guard. Id. at 67. According to the ALJ, this work does not require the performance of work-

4

related activities precluded by Plaintiff's RFC. Id. Finally at step five, the ALJ found that based on Plaintiff's age, education, work experience, and residual functional capacity, there are other jobs that exist in significant numbers in the national economy that Plaintiff also can perform. Id. at 68. Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the SSA. Id. at 69.

On appeal to this Court, Plaintiff presents the following assignments of error: (1) the ALJ erred by affording only partial weight to the medical opinion of Dr. Clifford H. Mault, Plaintiff's treating physician; and (2) the Appeals Council erred by failing to properly weigh new evidence submitted upon appeal. (Doc. No. 9-1, p. 4). For the reasons stated below, the Court rejects both contentions.

A. **The ALJ afforded proper weight to Plaintiff's treating physician's opinion.**

On June 5, 2014, Clifford H. Mault, D.O. opined that Plaintiff's pain and symptoms would be severe enough to interfere constantly with attention and concentration and that she would be incapable of even "low stress" jobs. (Doc. No. 8-1, p. 66). The ALJ afforded this opinion partial weight. Id. Plaintiff argues that the ALJ's rationales for affording Dr. Mault's opinion partial weight were mere conclusory statements that failed to explain any actual inconsistency between Dr. Mault's opinions and his treatment notes. (Doc. No. 9-1, p. 7). Accordingly, Plaintiff argues, the ALJ erred pursuant to 20 C.F.R § 404.1527. Id. at 4. This Court disagrees.

20 C.F.R. § 404.1527 provides the standard that ALJs must follow in weighing and evaluating the opinions of treating physicians. Under the treating physician rule, more weight is generally given "to the medical opinion of a source who has examined you than to the medical opinion of a

medical source who has not examined you." 20 C.F.R. § 404.1527(c)(1). As the Fourth Circuit points out, this regulation affords controlling weight to the opinions of treating sources because those physicians are likely to be the "medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examination." Id. § 404.1527(c)(2); Brown v. Comm'r Soc. Sec. Admin., No. 16-1578, 2017 WL 4320263, at *13 (4th Cir. Sept. 29, 2017). The Fourth Circuit has also interpreted this to mean, however, that "if a treating physician's opinion is not supported by the clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). If a treating physician's opinion is not given controlling weight the ALJ must take certain factors into account in determining how much weight the opinion merits. These factors include: (1) length of treatment relationship; (2) nature and extent of treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record as a whole; and (5) the physician's specialization. 20 C.F.R. § 404.1527(c)(1)-(5). Furthermore, the regulation states that the ALJ "will always give good reasons in decisions for the weight [afforded to] your treating source's medical opinion." Id. § 404.1527(c)(2).

In Brown v. Comm'r Soc. Sec. Admin., the Fourth Circuit held that the ALJ erred by affording controlling weight to the opinion of a non-treating, non-examining physician over Plaintiff's treating physicians. Brown, 873 F.3d at 268. There, the Fourth Circuit determined that in addition to "flouting the treating physician rule," the ALJ's reliance on the non-treating physician's opinion was not justified by any 20 C.F.R. § 404.1527(c) factors that would warrant

crediting the opinion of a non-treating source. Id. In particular, the Fourth Circuit noted that the non-treating source did not provide high-quality explanations or substantiating evidence to support his opinion; his opinion was not consistent with the record as a whole; and several of the plaintiff's ailments, for which he provided opinions, were outside of his area of specialization. Id. at 269.

This case is distinguishable from Brown in several ways. Here, the ALJ specifically articulated the medical evidence informing his decision to afford Dr. Mault's opinion partial weight. He properly considered the supportability and consistency of Dr. Mault's opinion, stating that his opinion was "inconsistent with his treatment notes, which indicate that the claimant's symptoms have improved and been stable since 2014[.]" (Doc. No. 8-1, p. 66). The ALJ also noted that in February of 2014 Plaintiff reported an improvement in her symptoms after adjusting her medications; that prednisone therapy improved her symptoms significantly; and that her year 2014 CT examination revealed an improvement in Plaintiff's condition from her year 2013 CT examination. Id. at 64. Furthermore, the ALJ considered Dr. Randall Savell's determination, another of Plaintiff's treating physicians, that Plaintiff had "done well on medication since he last saw her on October 2014, and despite one to two loose stools at a time, she had no further diarrhea, fever, blood in her stools, or other associated symptoms." Id. at 65.

Accordingly, the ALJ's decision to afford partial weight to Dr. Mault's opinion is consistent with Brown and is supported by substantial evidence.

B. **New evidence does not necessitate remand.**

Following the ALJ's determination, Plaintiff submitted new evidence to the Appeals Council upon appeal. Included in this new evidence was a letter written by Dr. Mault ("Dr. Mault's

Letter"). Plaintiff argues that Dr. Mault's Letter provides explanatory support for his previously stated opinion and therefore constitutes "new and material evidence" that requires remand under Meyer v. Astrue. (Doc. No. 9-1, p. 13). After reviewing Dr. Mault's Letter, the Court is unpersuaded.

In order for the Court to remand, Plaintiff must show that there is: (1) new evidence, (2) material evidence, and (3) that good cause exists for the failure to incorporate such evidence into the record in prior proceedings. Smith v. Charter, 99 F.3d 635, 638 (4th Cir. 1996); Wilkins v. Secretary, Dep't of Health and Human Servs., 953 F.2d 93, 96 (4th Cir. 1991). "Evidence is new within the meaning of this section if it is not duplicative or cumulative." Wilkins, 953 F.2d at 96 (citations omitted). "Evidence is material if there is a reasonable probability that the new evidence would have changed the outcome." See e.g., id. The new evidence must "relate to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b).

In Meyer, the Fourth Circuit reversed the District Court in favor of the plaintiff because they could not determine whether substantial evidence supported the ALJ's denial of benefits in light of new evidence from a treating physician. Meyer v. Astrue, 662 F.3d 700, 707 (4th Cir. 2011). The new evidence submitted in Meyer was a letter written by plaintiff's treating physician, who had not previously provided an opinion to be considered by the ALJ, stating his opinion as to the plaintiff's condition. Id. at 703-704. As the only opinion of a treating physician in the record, the Court determined that the letter was new and material evidence and ultimately reversed the district court. Id. at 705.

This case is readily distinguishable from Meyer. Unlike in Meyer, Dr. Mault's Letter reiterates much of what he already expressed to the ALJ in his previously considered opinion

regarding Plaintiff's Crohn's disease, lower back pain, abdominal pain, etc. (Doc. No. 8-1, p. 705). Dr. Mault's Letter also appears to contain new diagnoses, such as the appearance of fibromyalgia, which presumably arose after the ALJ's decision and are therefore irrelevant to this case. Id. The Court finds that there is no reasonable probability that had the ALJ considered this evidence he would have reached a different outcome. Accordingly, the Plaintiff's newly submitted evidence does not necessitate remand.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED, Defendant's Motion for Summary Judgment (Doc. No. 10) is GRANTED and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

Signed: November 16, 2017

Frank D. Whitney
Chief United States District Judge